UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:04CV679 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on the motion of Charles Jones to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

In his § 2255 petition Jones claims:

1. that the government was obligated to file a 5K1.1 and 18 U.S.C. § 3553(e) motions for downward departure and that his attorney was ineffective for failing to object when the government did not file the motions;

2. that the government breached the plea agreement when it did not file 5K1.1 or a 18 U.S.C. § 3553(e) motions; and

3. he was entitled to a two level departure as a minor participant on the drug conspiracy.

Mr. Jones told me under oath at the time of his plea that he knew that the government was not obligated to file a 5K1.1 downward departure motion. The facts of his case do not support a minor participant deduction.

Mr. Jones' arguments are not supported by the facts or the law.

In addition, he failed to raise his present claims in a direct appeal which bars him from raising these claims in this § 2255 petition.

Charles Jones' § 2255 petition will be denied.

## **Background**

On December 3, 2003, Jones plead guilty to the crime of conspiracy to possession with the intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 846 and § 841(a)(1). Jones' plea agreement with the government included the following language:

E. Cooperation:

The defendant has offered to assist the government in its ongoing investigation. However, *the defendant has not provided substantial assistance at this time. At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines or Title 18, United States Code, Section 3553, or both*. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. *The defendant further understands that there will be no downward departure without a motion by the government*. The defendant further understands that mere assistance is not enough to warrant a downward departure motion and that such a motion is warranted only for substantial assistance. The defendant understands that even if the information provided is truthful and complete, it will not be substantial assistance if the government regards the information to be insufficiently significant or insufficiently helpful. The defendant understands that if the government finds the assistance to be substantial and makes a downward departure motion, the Court's role is to determine whether

to grant such a motion and, if the Court grants the motion, to determine what departure is appropriate.

The defendant understands that any violation of the terms of this document, including criminal conduct of which the government is not aware at the time of the signing of this document or which occurs after the signing of this document or failing to provide fully truthful information permits the government to refuse to file a downward departure motion regardless of the level of assistance provided by the defendant. (Emphasis added).

Mr. Jones told me under oath that he understood the government was not obligated to file a downward departure motion:

> Q. Now, the decision whether or not you have provided substantial assistance to the Government is something the United States Attorney -- that decision is something the United States Attorney makes, you understand that?
>
> A. Yes, sir.
>
> Q. It's not a decision the Court makes. It's not a decision you make or your lawyer makes. It's a decision the United States Attorney's office makes. Do you understand that?
>
> A. Totally understand, sir.
>
> Q. Now, they can't abuse that discretion, but it's their decision to make.
>
> A. Yes, sir.
>
> The Court: Now, Mr. Hoag, I always like to know -- and for the benefit of Mr. Jones, I think he's entitled to know where he is in the scheme of things. Has he cooperated but his cooperation hasn't risen to the level of substantial assistance, but it might?

Mr. Hoag: That's where we are at right now. You needn't go any further. We met again this afternoon at one o'clock. He was debriefed again. He provided some additional information which we're interested in, and they are going to follow up on that, and we're going to continue to have him cooperate. *And it may well rise to that level, but at this point we are not there.* (emphasis added) (p. 17, l. 2-25).

The Court: Do you understand what the Assistant U.S. Attorney said?

Jones: I totally understand, sir. (p. 18, l. 9-11).

No evidence was presented nor were any arguments made at the sentencing hearing to support a minimal participant deduction for Mr. Jones under the sentencing guidelines. Jones also understood that his plea agreement did not include a recommendation for a minor participant downward adjustment under 3B1.2:

The Court: It's recommended that no other adjustment should be made to your guideline calculations in this plea agreement. Do you understand that:

Jones: Yes, sir. (p. 19, l. 21-24).

At sentencing I asked if there were any objections to the guideline calculation.

    Q. On behalf of Mr. Jones are there any objections to the probation officers application of the sentencing guidelines to [the] facts?

    A. No, your honor. (p. 3, l. 12-15).

I sentenced Mr. Jones to the minimum sentence under the guidelines.

Jones did not file a direct appeal of his sentence.

## Analysis

### A § 2255 petition is not a substitute for a direct appeal.

Jones did not challenge these sentencing issues on direct appeal. As a result Jones is barred from raising these alleged sentencing errors in a § 2255 petition unless he can show cause and prejudice to excuse his procedural default. Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992). Jones made no effort to show cause and prejudice. As a result Jones is barred from raising these sentencing issues for the first time on the guise of an ineffective assistance of counsel claim.

Even if Jones' claims were not procedurally barred they fail as a matter of fact and law.

### The Government was not obligated to file a 5K1.1 departure motion

In his § 2255 petition Jones stated that:

Under the plea agreement, the government agreed to file a motion for downward departure under Section 5K1.1 and 18 U.S.C. 3553, based upon the defendant's assistance to the government.

This statement is simply not true. In the plea agreement the government expressly reserved the right to determine before sentencing whether these motions would be filed. Jones told me under oath that he "totally" understood that the government was not obligated to file a downward departure motion.

The government clearly did not breach the plea agreement when it did not file a downward departure motion. Jones' attorney cannot be ineffective for not arguing otherwise.

### The record does not support a minimal participant deduction under the guidelines

In the stipulation of facts in his plea agreement Jones admitted he was to take delivery of four (4) kilograms of cocaine for the purpose of selling the cocaine to other persons. Although he may be the least culpable of the three members of the conspiracy it does not necessarily follow that he was a minor participant as that term is used in guideline § 3B1.2.

The Application Notes to guideline 3B1.2 makes it clear that the determination of whether to apply the "minor participant" deduction is intensely fact specific. "As with any other factual issue, the court, in weighing the totality of the circumstances, is not required to find, based solely on the defendant's bare assertion, that such a role adjustment is warranted." Jones' bare assertion here is not enough to offset the facts of his drug dealing activity which resulted in his guilty plea. An adjustment for Jones under 3B1.2 was not justified under the facts.

Jones understood his plea agreement did not contemplate a minor participant adjustment and he did not object to the guideline calculation at the time of his sentencing.

Jones' counsel cannot be ineffective for seeking a minor participant deduction when the facts do not support the deduction.

**Request for Evidentiary Hearing**

Generally, 28 U.S.C. § 2255 entitles the Movant to a hearing on the merits of their petition. However, there is a well-established exception to this rule when the record of the case conclusively establishes that the petitioner is entitled to no relief. Hodges v. United States, 368 U.S. 139, 140 (1961); Cheek v. United States, 858 F.2d 1330, 1333 (8th Cir. 1988); United States v. Gann, 807 F.3d 134, 135 (8th Cir. 1986). Since the record in this case conclusively establishes that Jones is entitled to no relief, his request for a hearing will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253 (c)(1)(B). To grant such certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253 (c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994)). I am of

the opinion that Jones has made no such showing as to the grounds raised in his motion. I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Charles Jones for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that Jones' request for a hearing on his amended petition is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued because Jones has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this memorandum and order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2005.